CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 27 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEAN RANDALL HAWKS, ) | |
|     Petitioner, ) | Civil Action No. 7:06CV00516 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

Dean Randall Hawks, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hawks challenges the validity of his convictions in the Circuit Court for the City of Salem. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

On August 21, 2003, Hawks was convicted of breaking and entering, grand larceny, destruction of property, and possession with intent to distribute cocaine. He was subsequently sentenced to a total term of imprisonment of thirty-one years, with twenty-two years suspended.

Hawks appealed his sentences to the Court of Appeals of Virginia. On July 30, 2004, his petitions for appeal were denied. Hawks then filed petitions for appeal in the Supreme Court of Virginia. On December 10, 2004, the petitions for appeal were refused.

On July 18, 2005, Hawks filed a petition for writ of habeas corpus in the Circuit Court for the City of Salem. The petition included the following claims:

1. Hawks received ineffective assistance from his defense attorney.

2. Hawks' defense attorney labored under a conflict of interest that violated his Sixth Amendment rights.

3. The trial court erred by allowing Hawks to enter a plea of guilty without allowing proper time for consultation with his attorney, and without ascertaining whether Hawks was aware that he was forfeiting certain rights.

4. The trial court erred in sentencing Hawks.

5. Hawks was denied due process when incorrectly calculated sentencing guidelines were presented to and accepted by the Commonwealth.

6. The trial court erred by refusing to allow Hawks to recant his plea.

7. The trial court erred by denying Hawks' request for an evidentiary hearing on his motion to recant his plea of guilty.

8. The trial court erred by allowing the Commonwealth to present inadmissible evidence during the reconsideration hearing.

9. The trial court erred by reimposing the same sentence at the reconsideration hearing that was originally imposed.

10. The trial court erred by not recusing himself after he suffered a stroke.

11. Hawks was denied due process as a result of cumulative errors.

By order entered November 17, 2005, the petition was dismissed.

Hawks appealed the dismissal of the petition to the Supreme Court of Virginia.

The petition for appeal included the following seven assignments of error:

A. The habeas court erred by not giving Hawks' petition mature consideration before rendering judgment.

B. The habeas court procedurally barred claims that should have been heard in order to satisfy the "ends of justice" clause of Rules 5A:18 and 60(B) of the Supreme Court of Virginia.

C. The habeas court procedurally barred claims based upon Slayton v. Parrigan that had been raised previously.

D. The habeas court acted contrary to Virginia Code § 8.01-654(b)(5) by not "accept[ing] as true claims that had not been refuted by the respondent."

E. The habeas court dismissed the petition without acknowledging or ruling on any motions filed by the petitioner.

2

F.  The <u>habeas</u> court exhibited bias and abused its discretion by ruling on a petition which contained claims of bias and discretion by the trial court.

G.  The <u>habeas</u> court acted in contravention of Rule 3A:24 of the Rules of the Supreme Court of Virginia.

The petition for appeal was refused on June 21, 2006.

Hawks executed the instant petition on August 24, 2006. The petition includes the following claims:

A(1).  Hawks received ineffective assistance from his defense attorney.

A(2).  His attorney's representation was affected by the fact that Hawks had not paid legal fees.

A(3).  His attorney labored under a conflict of interest.

B.  Hawks received ineffective assistance from his attorney during the reconsideration hearing and on appeal.

C(1).  The state <u>habeas</u> court erred by not giving his state petition "mature consideration."

C(2).  The state <u>habeas</u> court "abused the procedural bar."

C(3).  The state <u>habeas</u> court acted contrary to Virginia state law in ruling on his state petition.

C(4).  The state <u>habeas</u> court exhibited bias in ruling on his state petition.

C(5).  The state <u>habeas</u> court "acted in contravention to the Rules of the Supreme Court of Virginia" in ruling on his state petition.

The respondent moved to dismiss Hawks' petition on September 19, 2006. Since Hawks has now filed a response, the petition is ripe for review.

## **DISCUSSION**

I.  <u>Claims A(1) and A(3)</u>

In claim A(1), Hawks alleges that he received ineffective assistance from his defense

3

attorney. In claim A(3), Hawks alleges that the attorney labored under a conflict of interest. Although Hawks raised the same claims in his state habeas petition, and the claims were dismissed on the merits by the state habeas court, Hawks did not appeal the dismissal of the claims to the Supreme Court of Virginia.* Consequently, claims A(1) and A(3) are procedurally defaulted. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). This court may not review procedurally defaulted claims absent a showing of cause and prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Because Hawks does not attempt to establish cause and prejudice or actual innocence to excuse the procedural default, claims A(1) and A(3) must be dismissed.

II.     Claim A(2)

In claim A(2), Hawks alleges that his attorney's representation was affected by the fact that he had not paid legal fees. The respondent has moved to dismiss this claim on the basis that it is procedurally defaulted. Although the respondent contends that the claim was not presented in state court, Hawks argues that he presented the claim in a motion to amend his state petition, and that the state habeas court dismissed the petition without ruling on the motion. Hawks has filed a copy of the motion to amend as an exhibit. The exhibit reveals that Hawks did not attempt to raise a new, distinct claim. Instead, Hawks sought to amend his existing conflict of interest claim to include an additional allegation pertaining to his failure to pay legal fees. As previously stated, the state habeas court dismissed Hawks' conflict of interest claim on the

---

*The court notes that "to present a claim to the Supreme Court of Virginia on appeal, the petitioner must include the claim in an assignment of error." Koper v. Angelone, 961 F. Supp. 916, 919 (W.D. Va. 1997) (citing Virginia Sup. Ct. R. 5:17(c)). Although Hawks' petition for appeal included seven assignments of error, he did not assign error to the state habeas court's substantive ruling on the merits of his ineffective assistance claim or his conflict of interest claim.

4

merits, and Hawks did not appeal the habeas court's substantive ruling. Consequently, the court agrees with the respondent that claim A(2) is procedurally defaulted. See Whitley, 802 F.2d at 1500. Because Hawks has not established cause and prejudice or actual innocence to excuse the default, claim A(2) must be dismissed.

### III. Claim B

In claim B, Hawks contends that he received ineffective assistance from his attorney during the reconsideration hearing and on appeal. The court agrees with the respondent that Hawks did not raise this claim as part of any state court proceeding. If Hawks now attempted to present the claim in a state habeas petition, the claim would be barred as untimely under Virginia Code § 8.01-654(A)(2), and as successive under Virginia Code § 8.01-654(B)(2). As a result, claim B is procedurally defaulted, see Weeks v. Angelone, 176 F.3d 249, 273-274 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998), and it may not be reviewed by this court absent a showing of cause and prejudice or actual innocence. See Murray v. Carrier, 477 U.S. at 496. Because Hawks has not made either showing, claim B must be dismissed.

### IV. Claim C(1) through (5)

In his final group of claims, Hawks sets forth a number of ways in which he believes the state habeas court erred in ruling on his state petition. Because "[c]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief," Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988), claims C(1) through (5) must be dismissed.

### CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner

and counsel of record for the respondent.

**ENTER**: This 20th day of October, 2006.

_____
United States District Judge

6